

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-90, 224-01 & WR-90,224-02

**EX PARTE JOJO KWASI WILSON, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W15-76656-R(A) AND W16-00418-R(A)
### IN THE 265TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of murder and sentenced to imprisonment for 45 years. He was also convicted of aggravated robbery and sentenced to imprisonment for 61 years.

On July 5, 2019, responding to the -01 application, the State submitted a request that the trial court enter an order designating issues to gather evidence as to why defense counsel did not bring

Applicant to court on May 20, 2016, to respond to the State's plea offer of 35 years (grounds one and two), and to clarify whether the prosecutor made a 15-year plea offer (ground four). In the -02 application, after the State moved to dismiss Applicant's initial application, he moved to abandon that application and filed a supplemental application. This supplemental application alleges the same grounds as in the -01 but with respect to a different conviction. No further action was taken on either application.

The habeas records have been properly forwarded to this Court by the district clerk pursuant to Tex. R. App. P. 73.4(b)(5). However, the records have been forwarded without the trial court having acted on the State's request in the -01 record or Applicant's supplemental application in the -02 record. We remand these applications to the 265th District Court of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law on grounds one, two, and four of these applications.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 25, 2019
Do not publish